BOARD OF EDUCATION OF CITY OF SAPULPA *et al.* v. McMAHAN.

No. 1373.    Opinion Filed July 12, 1910.

(110 Pac. 907.)

**SCHOOLS AND SCHOOL DISTRICTS—Bonds—Referendum—Constitutional Provisions.** Same as paragraph 3 of the syllabus to the case of Board of Education of the City of Ardmore et al. v. State of Oklahoma ex rel., infra, 109 Pac. 563.

(Syllabus by the Court.)

*Error from District Court, Creek County; W. L. Barnum, Judge.*

Action between the Board of Education of the City of Sapulpa and others and A. J. McMahan. From a judgment in favor of the latter, the former brings error. Affirmed.

*Hughes & Miller,* for plaintiffs in error.
*A. J. McMahan, pro se.*

WILLIAMS, J. The lower court held that the general initiative and referendum laws as contained in articles 5 and 18 of

the Constitution and chapter 44 of the Session Laws of 1907-08 had no application to a resolution passed by the board of education of the city of Sapulpa, said city together with certain territory attached thereto for school purposes constituting a separate school district and a body corporate under the name of the board of education of the city of Sapulpa. The purposes of said resolution were to submit to the qualified electors of said school district the question of incurring an indebtedness in excess of the revenue provided for the current year, and issue bonds by said district as provided by section 26 of article 10 of the Constitution and the laws of the state supplementary thereto, and the statutes relating thereto. The election proclamation authorized by said resolution was regularly published for more than 10 days prior to the election in accordance with the provisions of section 1, art. 4, c. 16, and article 1, c. 36, Sess. Laws 1909. This question seems to have been settled by the case of *Board of Education of the City of Ardmore et al. v. State of Oklahoma ex rel. I. R. Best, infra,* 109 Pac. 563, wherein it was held:

"Section 26 of article 10 of the Constitution provides a complete referendum for submitting to the voters of a school district the question, Shall said school district be allowed to become indebted in any manner, for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year? and the prior acts of the board of education leading up to the election called to settle said question, are but preliminary to the exercise of such referendum and are not subject to the general provisions of the Constitution on that subject and the laws of the state vitalizing the same."

It follows that the judgment of the lower court is affirmed.

All the Justices concur.